GEORGE AYRES v. THE STATE.

No. 9613.   Delivered May 19, 1926.

Rehearing denied June 23, 1926.

**1.—Robbery—Evidence—Wife of Co-defendant—Properly Admitted.**

Where, the case against the co-defendant of the appellant had been finally disposed of, it was permissible for the state to introduce the wife of said co-defendant as a witness against the appellant. It is only in cases where the case against the co-defendant is not disposed of, that it is error to permit the wife of a co-defendant to testify as to criminative facts against the defendant on trial. See Dill v. State, 1 Tex. Crim. App. 282, and other cases cited.

**2.—Same—Evidence—Properly Admitted.**

Where the state had introduced the wife of appellant's co-defendant,

who was then impeached by the defendant, by showing that she had on a former occasion denied that the appellant or her husband had had anything to do with the robbery, there was no error in permitting the state on redirect examination to prove by said witness that her husband, the co-defendant, told her in the presence of the appellant, that if she told it, he would kill her. This testimony was certainly admissible as tending to explain this contradictory statement which the appellant showed had been made by her.

### 3.—Same—Bill of Exception—Motion for New Trial—Incomplete.

Where a bill of exception taken to the action of the court in refusing appellant a new trial on the ground of newly discovered evidence, shows that evidence was heard on this question, and such evidence was not reduced to writing and filed in the trial court during the term at which the trial was had, and the bill of exception presenting the matter was not filed until after adjournment. Such bill cannot be considered on appeal. See Vineyard v. State, 96 Tex. Crim. Rep. 401, and Turman v. State, 101 Tex. Crim. Rep. 149.

### ON REHEARING.

### 4.—Same—Wife as Witness—Rule Stated.

While the authorities are not uniform, it is the settled rule in this state that any condition which renders the husband immune from harm from the wife's testimony, will remove the legal objection to her as a witness against a co-defendant of her husband. This principle, we think, should control in the present case so that the final conviction of Toland of the offense committed by him and appellant, would render Mrs. Toland a competent witness against Ayres. See Ruling Case Law, Vol. 28, p. 487, Dill v. State, supra, Rice v. State, 39 Tex. Crim. Rep. 675.

Appeal from the District Court of Nolan County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction of robbery, penalty six years in the penitentiary.

The opinion states the case.

*Anderson & Mobley* of San Angelo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is robbery, and the punishment is six years in the penitentiary.

One of the principal witnesses for the state was the divorced wife of Dick Toland, appellant's co-defendant in this case. The record discloses that the witness was married to Dick Toland at the time the offense is alleged to have been committed, and that she was later divorced from the said Toland and was at the

time of the trial married to another person. The record further discloses, however, that Toland had already been tried for this particular offense and was at the date of this trial serving his sentence in the penitentiary.

The appellant by his first complaint challenges the action of the court in permitting the divorced wife of Toland to testify against him because at the time of the alleged offense she was the wife of his co-defendant and that she was therefore disqualified to give testimony against this defendant under Art. 794, Vernon's C. C. P. The appellant's contention in this matter is without merit. It is only in cases where the case against the co-defendant is not disposed of that it is error to permit the wife of a co-defendant to testify to criminative facts against the defendant on trial. Dill v. State, 1 Tex. Crim. App. 282; Dungan v. State, 39 Tex. Crim. Rep. 115, 45 S. W. 19; Spencer v. State, 52 Tex. Crim. Rep. 292, 106 S. W. 386; Bomar v. State, 55 Tex. Crim. Rep. 416, 116 S. W. 798. Each of these cases is based upon the proposition that it is error to permit the co-defendant's wife to testify against the defendant on trial when the case is still pending against the husband of the witness. In the instant case there can be no question but that the case was not still pending but on the contrary was finally disposed of. A final judgment had been rendered against the appellant's co-defendant and his co-defendant, as above stated, was actually serving his time in the penitentiary.

Complaint is made at the court's action in permitting the District Attorney to ask leading questions. These matters are not of sufficient importance as presented to justify a reversal of this case.

Appellant also complains because the District Attorney asked the witness the following question: "Did Dick Toland after this robbery—after this robbery did Dick Toland or George Ayres either one tell you or say anything to you about not telling about this transaction?" The witness answered this question in the affirmative and stated that her husband told her in the presence of the appellant if she told it he would kill her. The appellant objected to this question on the ground that it was irrelevant, immaterial, argumentative and prejudicial. His objections were without merit. The record discloses that appellant offered testimony seeking to impeach this witness by showing that she had on a former occasion denied that the appellant or her husband had had anything to do with this robbery. The testimony above objected to was certainly admissible as tending

to explain this contradictory statement which the appellant showed had been made by her.

Appellant by another bill of exceptions seeks to have the case reversed because of the court's action in refusing him a new trial on the ground of newly discovered evidence. The bill of exceptions shows that evidence was heard on this question and the bill affirmatively shows that the testimony offered on this motion for a new trial was not reduced to writing and filed in the trial court in the term at which the defendant was tried, and the bill of exceptions presenting the matter was not filed during the regular term of the District Court at which appellant was tried. Under the unbroken line of authorities in this state it is incumbent upon the appellant to file his bill of exceptions presenting matters of this character at the term at which the trial is held. Vineyard v. State, 96 Tex. Crim. Rep. 401, 257 S. W. 548; Turman v. State, 101 Tex. Crim. Rep. 149.

Believing that the facts are entirely sufficient to support the verdict and finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the case of Dill v. State, 1 Tex. Crim. App. 278, it appeared that Bell, Dill and Rice were indicted for the offense of murder. On the trial of Dill, Margaret Bell, wife of William Bell, was called by the state as a witness. Citing textbooks and decisions, the court held that Mrs. Bell was incompetent against Dill to facts which might inculpate her husband, William Bell. After Mrs. Bell had testified, the state dismissed the prosecution against her husband. The court said:

"The construction we put upon Article 3113 is that it was never intended so to change the rules of the common law as to make her a competent witness to testify against other defendants on trial with her husband, as in this case; for the Article of the Code relied on says the husband and wife can in no case testify against each other, except in a criminal prosecution for an offense committed by one against the other. If her testimony was not competent at the time it was given, the entering of the *nolle prosequi* as to her husband did not remove the objections to it. After the *nolle prosequi* was entered, she might have been called to the stand as a witness for the state and her testimony would have been admissible. But this was not done."

Mrs. Toland testified on the trial to a criminal transaction in

which Ayres and Toland were parties, occurring at the time when she was the wife of Toland. At the time of the present trial, she was divorced from Toland, he having been convicted of the offense and sent to the penitentiary.

Appellant contends that the conviction of Toland of the offense which he and Ayres had committed would not render Mrs. Toland a competent witness against Ayres. The precedents touching circumstances which remove the incompetency of the wife as a witness against a co-defendant are not uniform. See Ruling Case Law, Vol. 28, p. 487, Sec. 72. In this state, the controlling principle seems to be that any condition which renders the husband immune from harm from the wife's testimony will remove the legal objection to her as a witness against a co-defendant of the husband. Such we understand is the rule announced in Dill v. State, supra, from which we have quoted, where the dismissal of the case against the husband was declared sufficient to remove the disqualification of the wife as a witness against a co-defendant of her husband. The same announcement was made in Daffin's case, supra, and is recognized as sound in the cases cited in the original opinion. It was applied in a decision of this court written by Presiding Judge Davidson, reported in the case of Rios v. State, 39 Tex. Crim. Rep. 675, holding that a valid agreement to dismiss the prosecution against her husband rendered the wife a competent witness against a co-defendant of the husband. This principle, we think, should control in the present case, so that the final conviction of Toland of the offense committed by him and Ayres would render Mrs. Toland a competent witness against Ayres.

The motion for rehearing is overruled.

*Overruled.*