**James Carroll WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63726.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1980.

Rehearing Denied Sept. 17, 1980.

**148**

John Emmett Crow, Pasadena, for appellant.

John B. Holmes, Jr., Dist. Atty., Joan Fisher, Gerard Guerinot and Gene Nettles, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for capital murder, wherein the punishment was assessed at death. See Vernon's Ann. C.C.P., Art. 37.071.

The sufficiency of the evidence is not challenged. The record reflects that on the afternoon of July 6, 1977, appellant robbed and then shot the deceased, an attendant at a Shamrock service station. See V.T.C.A. Penal Code, Sec. 19.03(a)(2).

In his first ground of error, appellant contends that the trial court erred in admitting into evidence a post–operative photograph of the deceased. The record reflects that after the shooting, the deceased was taken to a hospital, where he lived for several days. A photograph of the deceased's head, where he sustained a gunshot wound, was introduced into evidence during the testimony of Dr. Joseph Jachimczyk, the Harris County Medical Examiner. The photograph showed the gunshot wound to the deceased's head after it has been shaved, and after surgery had been performed in an attempt to save the deceased's life. Thus, the photograph also shows a seven inch surgical suture which was made after the operation. No photographs of the deceased were taken at the scene of the robbery, since the deceased was still alive; according to the testimony, this was the only photograph of the deceased which was available.

In *Burks v. State*, 583 S.W.2d 389 (Tex. Cr.App.1979), we reiterated that if a photograph was competent, material and relevant to an issue at trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, or unless it is offered solely to inflame the minds of the jury; if a verbal description would be admissible, a photograph depicting the same is admissible. *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1962); *Welch v. State*, 576 S.W.2d 638 (Tex.Cr. App.1979); *Shannon v. State*, 567 S.W.2d 510 (Tex.Cr.App.1978); *Denney v. State*, 558 S.W.2d 467 (Tex.Cr.App.1977). Further, in *Bailey v. State*, 532 S.W.2d 316 (Tex.Cr.App.1975), in addressing the admissibility of autopsy photographs, we stated that "[o]nly where the results of surgery have obfuscated the results of the crime will otherwise accurate depictions be inadmissible."

In the instant case, the photograph of the deceased's shaved head, showing the gunshot entry and surgical stitches is not particularly "gruesome." The photograph truly and accurately depicted the gunshot wound, although it was incorporated into the suture line. The photograph did not depict subsequent autopsy dissection. It was admissible to clarify the medical examiner's description of the wound sustained by the deceased. See *Bailey v. State*, supra; *Provost v. State*, 514 S.W.2d 269 (Tex.Cr.

App.1974). This ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in permitting the prosecutor to qualify the expert witness, Dr. Jachimczyk, "in a field for which he was not called to testify." The record reflects that after Dr. Jachimczyk testified as to his qualifications in the medical field, he was permitted, over appellant's objection, to testify that he also had a degree in law. We perceive no error.

It is well settled that a party may place a witness in the context of his background and such is a proper matter for preliminary inquiries. *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr.App.1978); *Elam v. State*, 518 S.W.2d 367 (Tex.Cr.App.1975); see also, *Ortiz v. State*, 577 S.W.2d 246 (Tex.Cr.App.1979). Inquiry into the witness' background is admissible to enable the jury to assess the weight to be given the testimony and the credibility of the witness. *Carrillo v. State*, supra.

In the instant case, the admission of the fact that the expert medical witness also had a degree in law was the result of proper preliminary inquiry into the witness' background. The prosecutor did not present Dr. Jachimczyk as a legal expert, nor did he elicit any matters from the witness which entailed legal conclusions. No error is shown and this ground of error is overruled.

In his third ground of error, appellant complains that the State was allowed to improperly bolster the testimony of one of its witnesses. Scott Murphy, a nephew of appellant's, observed appellant commit the robbery–murder of the deceased, and testified against appellant at trial. Murphy, fourteen years old, admitted upon direct examination by the prosecutor, that he had previously made statements that appellant was *not* the perpetrator of the crime. When the prosecutor asked Murphy why he had made these statements, Murphy, over appellant's objection, stated, "Because I didn't want to do nothing to hurt [appellant]."

Since appellant did not object to the prosecutor eliciting the admission of the prior inconsistent statement by Murphy, his complaint is directed solely at the witness' explanation for having made the prior inconsistent statement. A witness who is impeached by the admission of a prior inconsistent statement is generally entitled to explain such contradictory statement. See *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr. App.1978); *Sternlight v. State*, 540 S.W.2d 704 (Tex.Cr.App.1976); *Ayres v. State*, 105 Tex.Cr.R. 15, 284 S.W. 960 (1926). Upon cross–examination by the defense, Murphy was examined in detail concerning his prior denials that appellant was the perpetrator of the offense. Thus, on redirect examination by the prosecutor, Murphy would have been entitled to have explained his inconsistent statements. See *Villarreal v. State*, supra; *Sternlight v. State*, supra. Where evidence is erroneously received prematurely, it may be rendered harmless upon the subsequent actions of the defendant. *Jones v. State*, 587 S.W.2d 115 (Tex.Cr.App.1979) (Opinion on Rehearing). A conviction will not be reversed for error in receiving testimony that was not admissible when received but that became admissible at a subsequent stage. See *Jones v. State*, supra. We conclude that although the witness' explanation of why he gave inconsistent statements about his uncle's participation in the murder may have been admitted prematurely, such action is harmless in light of the fact that it would have subsequently been admissible.

Appellant further complains of hearsay statements admitted during the testimony of Murphy concerning this explanation of his prior inconsistent statements. After Murphy testified to his prior denial that appellant was the perpetrator of the crime, he further explained that he had done this because Willie Mae Williams, who was his grandmother and appellant's mother, had told him not to do anything to hurt appellant. The defense objection that this testimony was hearsay was sustained, and the jury was instructed to disregard it. Appellant's motion for a mistrial was over-

ruled. We find that the trial court's instruction to disregard was sufficient to cure the error, if any, in the admission of this statement. See *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978); *Barnes v. State*, 502 S.W.2d 738 (Tex.Cr.App.1973). However, we point out that this evidence may well have been admissible as an exception to the rule against hearsay, as showing the witness' state of mind. Evidence that a witness has been threatened, or is in fear for his personal safety may be admissible to explain prior inconsistent statements by the witness. *Villarreal v. State*, supra; *Sternlight v. State*, supra; *Brown v. State*, 505 S.W.2d 850 (Tex.Cr.App.1974); *Ayres v. State*, supra. This ground of error is overruled.

In his fourth ground of error, appellant contends that the trial court erred in denying his motion for a mistrial after the prosecutor propounded an improper question to one of appellant's alibi witnesses. Ricky Terrell, another nephew of appellant's, testified that he was familiar with the service station which was the scene of the robbery—murder in the instant prosecution. The prosecutor, apparently exhibiting a photograph of the deceased, asked Terrell if he recognized the deceased or if he had ever seen the deceased at the service station previously. When the witness responded in the negative, the prosecutor stated, "You wouldn't recognize him in that picture, would you, with his head shot off."

The objection to this question was sustained, and the trial court instructed the jury to disregard it. Appellant's motion for a mistrial was overruled. The prosecutor's question was improper for two reasons. First, the record reflects that the head of the deceased was in *no* way "blown off"; second, after the witness responded that he did not recognize or was not familiar with the deceased, the further question was the equivalent of a side—bar remark, which is not to be condoned. See *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App.1978); *Felder v. State*, 564 S.W.2d 776 (Tex.Cr.App.1978); *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978). However, an instruc-tion to disregard will generally cure error except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Seaton v. State*, supra; *Edmiston v. State*, 520 S.W.2d 386 (Tex.Cr.App. 1975). In the instant case, the prosecutor's question, which the jury could see was a gross overstatement of the evidence, was not so prejudicial as to require reversal, and the trial court's prompt instructions to disregard were sufficient to cure the error. This ground of error is overruled.

In his fifth ground of error, appellant contends that the trial court erred in refusing him the right to inquire into the basis for the reputation witness' conclusions that appellant's reputation for being a peaceful, law—bidding citizen was bad. This contention is not supported by the record.

Prior to the time that the State, at the punishment phase of the trial, called witnesses to testify to appellant's bad reputation, the trial court held a hearing out of the presence of the jury. There, the State established that the five witnesses were all familiar with appellant's reputation, that they all had discussed appellant's reputation with many people, including non—law enforcement officials, and that their knowledge of appellant's bad reputation was *not* based solely upon appellant's commission of the capital offense for which he was on trial. The trial court ruled that all of the five were competent to testify as to appellant's reputation. See *Mitchell v. State*, 524 S.W.2d 510 (Tex.Cr.App.1975) and cases cited therein; see also *Stephens v. State*, 128 Tex.Cr.R. 311, 86 S.W.2d 980 (Tex.Cr.App. 1935). When appellant attempted to cross—examine the first witnesses to determine which of the persons with whom the witness had discussed appellant's reputation was familiar with only the facts of the instant offense, the State objected. The trial court sustained the objection and ruled that further inquiry into the basis of the witnesses' testimony was a matter for ap-

pellant to take up on cross–examination in the presence of the jury. The record reflects that when the witnesses thereafter testified to appellant's reputation in the presence of the jury, appellant waived cross–examination of each of them.

 Appellant's ground of error is without merit for several reasons. First, once the trial court determined that the witnesses were competent to testify as reputation witnesses, see *Mitchell v. State*, supra; *Stephens v. State*, supra, the court did not err in postponing appellant's further cross–examination of them until the witnesses testified before the jury. Further, when appellant was given the opportunity to cross–examine the witnesses, he chose not to do so. Thus, he cannot now complain that he was denied his right of cross–examination. No error is shown and this ground of error is overruled.

In his final ground of error, appellant contends that the trial court erred in refusing to grant a mistrial during the prosecutor's final argument to the jury at the punishment phase of the trial. The record reflects that the prosecutor argued:

"Let's go back to Scott Murphy [appellant's nephew] just for a minute. Scott Murphy is fourteen years old. That is his aunt right there. Scott Murphy is going to know what the punishment is for this kind of crime. Do you tell a little black male out there in the Mykawa Road area that the most you will get for a crime–at least if you only do it one time–is a life sentence? *And then the Board of Pardons and Paroles determines how long he serves the whole bit.*" (Emphasis added)

Appellant objected to the prosecutor's reference to the Board of Pardons and Paroles. This objection was sustained, and the trial court instructed the jury to disregard the statement, referring to the charge in which the jury was instructed not to consider parole matters during their deliberations. The prosecutor also referred the jurors to the court's charge, and the matter of parole was not mentioned again.

 We do not find this slight reference to parole to be so improper or harmful as to

require reversal, given the nature of the remark and the fact that the trial court sustained appellant's objection and instructed the jury to disregard it. See *Carrillo v. State*, 566 S.W.2d 902 (Tex.Cr.App.1978); *Campbell v. State*, 492 S.W.2d 956 (Tex.Cr. App.1973); *Sandlin v. State*, 477 S.W.2d 870 (Tex.Cr.App.1972); see also *Cooper v. State*, 500 S.W.2d 837 (Tex.Cr.App.1973). We have previously stated that it is common knowledge that inmates are released on parole. See *Carrillo v. State*, supra. We do not construe the prosecutor's remark, which reiterated this fact, to have had the effect of telling the jury that they should consider parole matters in assessing appellant's punishment.

Appellant supports his contention that the trial court's instruction to the jury was insufficient to cure the error, by pointing to the fact that the jury sent a note out during their deliberations on punishment. The record reflects that the actual note was lost during the preparation of the transcript. A hearing was held in order to let the record reflect the contents of the note. See Article 40.09, Sec. 7, Vernon's Ann.C.C.P.

At this hearing, the jury foreman testified that the note concerned the availability of "psychological rehabilitation" for appellant; that the jury was concerned with whether appellant would get psychological help if he were sentenced to life imprisonment; and that the jury was not concerned with whether appellant would eventually be *released* from prison. Appellant's attorney testified that according to his recollection, the note dealt with whether appellant would eventually be considered for parole, given the presence or absence of "psychological evaluation or treatment." Thus, the record does not reflect exactly what the jury note said. It is undisputed, however, that the trial court's response was to refer the jury back to the charge. Given this state of the record, the nature of the prosecutor's comment, and the trial court's actions in response thereto, we do not agree that appellant has shown harm. This ground of error is overruled.

The judgment is affirmed.