**David Pecina LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–81–00527–CR.

Court of Appeals of Texas,
Dallas.

May 28, 1982.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Deborah E. Farris, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

VANCE, Justice.

Appeal is taken from a conviction for murder, punishment assessed at life. Appellant's grounds of error concern State's jury argument and photographs received into evidence. We affirm.

In his first ground of error, appellant complains of the following argument by the prosecutor:

[Mr. Wilson] ... It would've been bad enough had he stabbed him and killed him. To repeatedly stab him and furthermore, to make those incised cuts on the left side of the little boy's face that you have seen the pictures of show and it's a reasonable deduction from the evidence that what David Pecina Lopez was doing with Ralph Luna was just torturing a little bit. Torturing him a little, toying with him a little bit like a cat would with a mouse before he decided to kill him.

Mr. Parks: I'm going to object to that. This is totally and completely outside the evidence. Nobody even suggested that from the witness stand.

The Court: Overruled.

Appellant argues that there can be no legitimate justification for such inflammatory argument.

The evidence showed the appellant to be a twenty-five year old adult male and the victim to be a six year old male child weighing forty pounds. The appellant was a friend of the victim's family and stayed in the victim's home within two weeks of the incident. The appellant had sniffed paint for some thirteen years and was sniffing paint on the date and at the time the killing occurred. The appellant went to the victim's home when the victim was at home alone. The appellant's voluntary statement said that he and the victim "took our clothes off and had sex." He said he was high from sniffing paint at that time. The medical testimony showed that there was hemorrhages on the outer aspect of the colon of the decedent, this was four and three-fourths inches inside the body from the anus or rectal opening. This was

caused by blunt trauma, compatible with having been caused by a penis, finger, stick or fist. The evidence further showed that the child had been stabbed fifteen times; four times to the right upper shoulders around the neck area, ten times to the chest area, and one time to the upper left arm. The stab wounds had perforated vital organs such as the aorta, heart, lungs, liver and the inferior vena cava. Nine of the fifteen stab wounds had gone completely through the body. In addition to stab wounds the evidence showed seven superficial incised wounds to the left part of the chin. All of the above injuries were inflicted prior to death with the exception of one stab wound to the left upper shoulder. The autopsy also revealed multiple petechia (a minute hemorrhagic) present in the inner margins of the upper and lower aspect of the gums and lips. Also found were two fragments of hair lodged in the mouth area around these parts. These injuries occurred prior to death. Large amounts of blood were found on the bed (where the victim was found), on the floor, splattered on the door, walls and television set. Two knives were found near the victim. One knife had the blade bent to a right angle position. We hold the argument complained of was a reasonable deduction from the evidence. *Debolt v. State*, 604 S.W.2d 164 (Tex.Cr.App.1980); *Chambers v. State*, 568 S.W.2d 313 (Tex.Cr.App.1979); *Collins v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976).

■ Appellant further urges that the trial court abused its discretion in admitting into evidence certain photographs. The photographs were admitted into evidence following a verbal description of the subject matter of the photographs. The photographs were merely graphic portrayals of the oral testimony and were admissible. *Williams v. State*, 604 S.W.2d 146, 148 (Tex.Cr.App.1980); *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1962). The photographs were not so inflammatory or prejudicial to show that the trial judge abused his discretion. *Welch v. State*, 576 S.W.2d 638 (Tex.Cr.App.1977); *Skippy v. State*, 556 S.W.2d 246 (Tex.Cr.App.1977).

Affirmed.