# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00514-CR

**Debbie Perez, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT**
**NO. A-01-0062-S, HONORABLE THOMAS GOSSETT, JUDGE PRESIDING**

---

A jury convicted appellant Debbie Perez for possession with the intent to deliver four grams or more but less than 200 grams of cocaine, and possession of methamphetamine in an amount less than one gram. *See* Tex. Health & Safety Code Ann. '' 481.112(d), .115(b) (West Supp. 2002). The district court sentenced appellant to imprisonment for eight years. By seven issues, appellant challenges the legal and factual sufficiency of the evidence, and alleges other procedural errors. Because the evidence supports the jury=s verdict and her procedural challenges are without merit, we affirm the district court=s judgment.

## BACKGROUND

In November 2000, appellant lived in a house with her eighteen-year-old son, Sesario Perez, III, just outside the San Angelo city limits. After developing probable cause that appellant=s son possessed cocaine, San Angelo police officers obtained and executed a search warrant for appellant=s

house.[1]  Police entered the house at approximately 10:46 a.m. and encountered three individuals sleeping in various areas of the house:  Sesario was on a mattress in the living room, Sesario=s friend was on the living room couch, and Sesario=s female cousin was in appellant=s bedroom.[2]  Officers detained all three individuals as they searched appellant=s house.

Police found marihuana, cocaine, and methamphetamine hidden in appellant=s kitchen freezer and a triple beam digital scale in the kitchen trash receptacle.  They also recovered an electronic gram scale from appellant=s vanity in the master bathroom.  A search of appellant=s bedroom revealed plastic Acorner bags@ hidden in a photo album on top of her dresser.[3]  Inside appellant=s dresser drawer,

---

[1]  At trial, the officer who obtained the warrant testified that a confidential informant told him that, in addition to Sesario, appellant might be involved in selling drugs.  Appellant does not challenge the legality of the search warrant.

[2]  Appellant was at work when police executed the search warrant.

[3]  According to the testimony at trial, corner bags are made by cutting corners off of plastic sandwich-type bags.  Drug dealers then package and sell controlled substances, such as cocaine, by placing the substance in the corner of the bag and heat sealing it closed.

police found plastic bags with missing corners.  In the living room, police discovered marihuana and Afinger@ scales.[4]

---

[4] Officers at trial testified that finger scales are commonly used for weighing marihuana.

After completing their search, the officers arrested Sesario;[5] they released his friend and cousin. Later that evening, officers returned to appellant≈s house with a warrant and arrested her. Subsequently, a grand jury returned a two-count indictment against appellant. Count one alleged possession with the intent to deliver more than four but less than 200 grams of cocaine; count two alleged possession with the intent to deliver less than one gram of methamphetamine. At the conclusion of the trial, the district court submitted its charge to the jury. The charge included instructions on both charges for possession with the intent to distribute and the lesser included offense of possession. On count one, the jury found appellant guilty as charged in the indictment. *See* Tex. Health & Safety Code Ann. ' 481.112(d). On count two, the jury found appellant guilty only of the lesser included offense of possession. *See id.* ' 481.115(b). Appellant appeals her conviction on both counts.

## DISCUSSION

Appellant≈s first four issues challenge the legal and factual sufficiency of the evidence. The standards of review for legal and factual sufficiency are well established. In reviewing the legal sufficiency of evidence, we ask whether, viewing the evidence in the light most favorable to the jury≈s verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the charged offense. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). When conducting a factual sufficiency review, however, we ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to

---

[5] Sesario later pleaded guilty to possession with intent to distribute cocaine.

4

undermine our confidence in the jury=s determination, or that the proof of guilt, although adequate when considered alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). The evidence supporting a verdict is factually insufficient only when the reviewing court determines that the factual findings are against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

Appellant contends in her first issue that the evidence is legally insufficient to support her conviction for possession with the intent to distribute cocaine (count one). Her second issue challenges the legal sufficiency of the evidence regarding her conviction for possession of methamphetamine (count two). To support a conviction on count one, the State had the burden to prove beyond a reasonable doubt that appellant knowingly or intentionally possessed cocaine with intent to deliver it to another person. *See* Tex. Health & Safety Code Ann. ' 481.112(a), (d). To support a conviction for count two, the evidence must establish that appellant knowingly or intentionally possessed methamphetamine. *See id.* ' 481.115(a), (b).

As to both counts, possession means more than simply Abeing where the action is; it involves the exercise of dominion and control over the thing actually possessed.@ *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). It is not necessary for the State to establish that the accused exclusively possessed the contraband. *See Guiton v. State*, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987). However, when the accused is not in exclusive possession of the place where the contraband is found, as here, independent facts and circumstances must affirmatively link the accused to the contraband. *Id.* That is, the evidence, either direct or circumstantial, must establish that the accused=s connection with the contraband was more than just fortuitous. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim.

5

App. 1995).  Although courts routinely identify numerous factors as being relevant to the determination of whether an accused is affirmatively linked to contraband, of paramount importance to that determination is the logical force the factors have by themselves or in conjunction with others, not simply the frequency with which they appear. *See Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.CAustin 1991, pet. ref=d).

Appellant=s first two issues assert the absence of affirmative links.[6]  The State introduced evidence that:  the amount of cocaine found at appellant=s houseCslightly less than twenty-four gramsCand the manner in which it was found (some in bulk-form and some packaged for sale) was inconsistent with personal use; the scales found in appellant=s bathroom and kitchen trash were commonly used to weigh gram amounts of illegal controlled substances, such as methamphetamine and cocaine; there was an absence of paraphernalia indicating personal narcotic usage by the house=s occupants; and the bags found in appellant=s dresser drawer were the type commonly used for packaging cocaine for sale on the street. Appellant argues that, despite this evidence, the State did not carry its burden of proof.

---

[6]  At trial, appellant stipulated that the substances recovered from her residence were controlled substances.

Specifically, appellant contends that the State failed to establish an affirmative link between her and the contraband because she and her son testified that the drugs belonged to Sesario, and appellant was not aware of their presence.[7] As additional support, appellant points to the fact that she was not at home when police searched her house, and the officers testified that the drugs found in the house were not in plain view. Appellant also contends that, because any of the three people found in the house had access to the places where the drugs and paraphernalia were found, the State could not establish that she possessed the drugs or intended to deliver them to anyone. Regarding count two specifically, appellant claims that because the police never found her in actual physical possession of methamphetamine, the evidence is legally insufficient to support her conviction. Appellant also suggests that because the police department determined that there was insufficient evidence linking Sesario=s friend or cousin to the contraband, likewise the link between herself and the drugs is too attenuated to support her conviction.

---

[7] Appellant and her son both testified as defense witnesses.

Appellant=s assertions before this Court are essentially the same ones she made to the jury: she could not be guilty of possession or possession with the intent to distribute because the drugs were not hers and she did not know they were in her house. In passing on the weight of the evidence, we are mindful that the jury is the exclusive judge of the facts proved, the weight to be given the testimony, and the credibility of the witnesses. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). At trial, appellant presented evidence that the drugs belonged to Sesario, not appellant, and that appellant did not know that drugs were present in her house. Sesario testified that he Aplanted@ the drug paraphernalia in appellant=s room Athe night before . . . whenever she went to work.@ The State introduced evidence that, despite his proclaimed ownership, Sesario was unable to confirm when and where he bought the drugs. The State=s evidence also showed that appellant owned the house, the drugs found in her house had been there for approximately one month, the amount of drugs found was inconsistent with personal use, there was a conspicuous absence of paraphernalia indicating personal drug use, and she had access to and exercised control over the areas where officers found drugs and drug paraphernalia, *i.e.*, the kitchen, living room, master bedroom, and master bathroom.[8] Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that the evidence was sufficient to establish an affirmative link between appellant and the contraband. Therefore, there was sufficient evidence to support appellant=s conviction. We overrule appellant=s first and second issues.

---

[8] At trial, appellant testified that her house has two bedrooms and two bathrooms. The evidence established that appellant=s bedroom (the master bedroom) and the master bathroom are connected.

In appellant=s third and fourth issues, she challenges the factual sufficiency of the evidence to support counts one and two of her conviction. It is not the reviewing court=s duty to disregard, realign, or weigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Because it is up to the jury to accept or reject any or all of the evidence presented by either party, we cannot set aside a verdict for factual insufficiency unless we find it is manifestly unjust. *See Clewis*, 922 S.W.2d at 135; *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Here, the jury=s decision is not manifestly unjust simply because the jury disbelieved Sesario=s and appellant=s testimony that the drugs were his. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); *Rosie v. State*, 7 S.W.3d 225, 233 (Tex. App.CAustin 1999, pet ref=d). Viewing the evidence neutrally and giving due deference to the jury=s verdict, we cannot say the verdict is manifestly unjust. Accordingly, we overrule issues three and four.

In her fifth issue, appellant asserts that the district court violated article 36.27 of the Texas Code of Criminal Procedure by failing to record all proceedings concerning its communications with the jury. *See* Tex. Code Crim. Proc. Ann. art. 36.27 (West 1981). Specifically, she contends that the district court erred by not requiring the court reporter to make a record of the proceedings that resulted in the court=s written response to a written communication from the jury.[9] The jury requested Aa copy of the transcript of the testimony of [S]esario Perez III. Specifically, the cross-examination of [S]esario Perez III.@ In response, the district court Ainstructed@ the jury in writing to

---

[9] The note from the jury and the court=s response appear in the clerk=s record but not the reporter=s record.

9

remember the testimony as you have heard it from the witness stand or from those exhibits admitted into evidence. If there is a disagreement as to any testimony given of a particular witness, upon informing the Court of such disagreement, that portion may be read back to the jury from the Court Reporter=s notes. . . . I cannot authorize the Court Reporter to transcribe the entire testimony of the witness. If you are in disagreement as to a portion of a witness= testimony, you must state specifically that portion of the witness= testimony that is in dispute. . . .

Where communication between the jury and the court does not amount to additional instructions, noncompliance with article 36.27 does not amount to reversible error. *Nacol v. State*, 590 S.W.2d 481, 486 (Tex. Crim. App. 1979) (instructing jury, AYou are only to consider what is contained in the charge@); *Brown v. State*, 505 S.W.2d 850, 857 (Tex. Crim. App.1974) (instructing jury regarding importance of not discussing the case with anyone or following any news account of the trial). As recognized by appellant in her brief, communication concerning an administrative matter does not constitute giving the jury additional instructions. *See Jones v. State*, 963 S.W.2d 826, 829 (Tex. App.CTexarkana 1998, pet. ref=d). Here, the court instructed the jury to remember the testimony as they heard it, but if they disagreed about any testimony, the court could read it back to them from the court reporter=s notes. Because the district court gave no additional instructions regarding the facts or law pertaining to the charged offense, we do not believe the result in this case should be different than in those cases where the court simply tells the jury to follow the charge that was given. *See Nacol*, 590 S.W.2d at 486; *Brown*, 505 S.W.2d at 857. Moreover, appellant does not assert that any harm resulted from the court reporter=s failure to record the proceeding. *See McGowan v. State*, 664 S.W.2d 355, 359 (Tex. Crim. App. 1984) (recognizing that even where a court=s answer may be construed as an additional instruction to the jury, appellant must

demonstrate harm). In fact, appellant=s counsel signed the court=s communication to the jury. There is also no evidence indicating that appellant=s counsel objected to the procedure or requested the court reporter to make a further record of the proceeding.

In her sixth issue, appellant urges that the court reporter=s failure to record bench conferences violated the Texas Rules of Appellate Procedure and requires reversal of her conviction. *See* Tex. R. App. P. 13.1(a). Again, appellant does not argue that the court reporter=s failure to record such conferences prejudiced appellant=s substantial rights or in any way impaired her ability to argue the merits of her appeal. Rule 13.1(a) requires a court reporter to Aattend court sessions and make a full record of the proceedings unless excused by agreement of the parties.@ *Id.* The record establishes that appellant filed a pretrial motion with the court to direct the court reporter to record all proceedings. Thus, it is clear that the parties made no agreement to excuse the court reporter from her obligation to make a full record of all the proceedings, and that her failure to do so without the parties= constitutes error.

11

Although the court reporter=s failure to record bench conferences and the court=s communication with the jury may be violations of Texas practice rules, they are procedural defects that must be disregarded unless they affect appellant=s substantial rights. *See Johnson v. State*, No. 03-01-00460-CR, slip op. at 4, 2002 Tex. App. LEXIS 2726, at *5 (Tex. App.CAustin Apr. 18, 2002, no pet. h.) (to be published). An error affects appellant=s substantial rights if it has a Asubstantial and injurious effect or influence in determining the jury=s verdict.@ *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Because appellant does not claim that the reporter=s failure to record the bench conferences or the proceedings related to the written communication with the jury affected her substantial rights, and our review of the record fails to disclose that they did, we overrule appellant=s fifth and sixth issues.

Appellant=s seventh issue challenges the validity of the district court=s jury charge. Appellant does not complain that the district court=s charge misapplied the law to the facts, but urges that the district court=s legal definition of Apossession@ was wrong, confusing, and injured her rights. The State responds that appellant=s contention is without merit because the district court drafted the charge using a leading form book on Texas pattern jury charges. *See* W. Scott Carpenter & Paul J. McClung, *Texas Criminal Jury Charges* ' 12:1060 (2000). Texas Code of Criminal Procedure article 36.19 prescribes the manner in which jury charge error is reviewed on appeal. Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). An appellate court must determine whether error exists in the jury charge and, if so, whether such error caused harm sufficient to require reversal. *Hutch*, 922 S.W.2d at 170-71. The party alleging a charging error bears the burden of

12

persuading the reviewing court that the erroneous charge resulted in some actual harm; absent a showing of actual harm, reversal is improper. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). The only argument appellant makes regarding harm is that the district court≈s charge did not track the language of Texas Health and Safety Code section 481.002.[10] *See* Tex. Health & Safety Code Ann. ' 481.002(38) (West Supp. 2002). Appellant≈s general assertion that the charge injured her rights because her trial strategy Awas to admit that controlled substances were seized from the house@ fails to establish that the proffered charge harmed her in any manner; thus, appellant failed to meet her required showing. We overrule her seventh issue.

## CONCLUSION

Having overruled appellant≈s issues, we affirm the district court≈s judgment.

Jan P. Patterson, Justice

---

[10] The challenged jury charge reads:

> APossession@ means actual care, custody, control or management. Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

*See* Tex. Health & Safety Code Ann. ' 481.002(38) (West Supp. 2002); W. Scott Carpenter & Paul J. McClung, *Texas Criminal Jury Charges* ' 12:1060 (2000).

Before Justices Kidd, B. A. Smith and Patterson

Affirmed

Filed:  June 13, 2002

Do Not Publish