**Albert Martinez RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00082–CR.**

Court of Appeals of Texas, San Antonio.

Nov. 25, 1981.

Rehearing Denied Dec. 15, 1981.

Discretionary Review Refused March 10, 1982.

Benjamin F. Walker, San Antonio, for appellant.

Bill White, Dist. Atty., Steven James Zauft, Asst. Criminal Dist. Atty., San Antonio, for appellee.

OPINION

Before ESQUIVEL, BUTTS and CANTU, JJ.

BUTTS, Justice.

This is an appeal from a conviction for attempted murder. The appellant was found guilty at the jury trial, and the court assessed punishment at ten (10) years. The sufficiency of the evidence is not challenged on appeal.

In his sole ground of error, appellant alleges that the trial court erred in communicating with the jury in violation of Tex. Code Crim.Pro.Ann. art. 36.27 (Vernon 1981) in that the court gave a written answer to the jury's communication: 1) without making such proceedings part of the record and recorded by the court reporter, 2) without the record showing that appellant was present, or that reasonable diligence was used to secure the presence of the defendant, and 3) without the defendant waiving the requirements of art. 36.27.

We do not agree with appellant's allegations, but find that the State's argument in response to appellant's ground of error correctly disposes of the case.

Tex.Code Crim.Pro.Ann. art. 36.27 (Vernon 1981) states:

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit the answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

■ The record reflects that the following message was sent from the jury foreman to the trial judge:

The jury has State's exhibits #'s 1, 5, 9, 10, 11, 12, 13, 14. May we have State's exhibits #'s 2, 3, 4, 6, 7 & 8?

We have defense exhibit # 1. Is that the only defense exhibit?

/s/ G. E. Ireland, Foreman

29 March 11:15 a. m.

The trial judge responded in writing:

Members of the Jury:

The exhibits that you have at hand are the only exhibits admitted into evidence.

The exhibits requested by you are not in evidence.

Judge Al. J. Klein

■ The Court of Criminal Appeals has uniformly held that a communication between the court and the jury, although not made in compliance with provisions of the statutes, which does not amount to an additional instruction by the court upon the law or some phase of the case does not constitute reversible error. *Nacol v. State*, 590 S.W.2d 481, 486 (Tex.Cr.App.1979); *Brown v. State*, 505 S.W.2d 850, 857 (Tex.Cr.App. 1974); *Arrevalo v. State*, 489 S.W.2d 569, 572 (Tex.Cr.App.1973); *Allaben v. State*, 418 S.W.2d 517, 520 (Tex.Cr.App.1967).

In *Brown, supra*, at 857, the trial court gave instructions to the jury outside the presence of the defendant and not in open court. The court held that, "while the trial court should not have given such instructions to the jury while not in open court and outside the presence of the appellant, such instructions amounted to no more than a restatement and reminder of the earlier instructions given the entire jury panel. As such, the trial court committed no reversible error."

In *Arrevalo, supra*, at 572, in response to a question posed by the jury foreman, the trial court answered in part, "At this time I do not feel that you have deliberated a sufficient length of time to fully eliminate the possibility of you being able to arrive at a verdict, so I will ask you to continue to deliberate. You may go with the bailiff." The court stated, "It has been uniformly held by this court that a communication between the court and the jury, although not in compliance with the statutes, which does not amount to additional instructions by the court, does not constitute reversible error."

In a more recent case, *Nacol v. State, supra*, at 486, the trial court communicated with the defendant while the jury was not present in open court. The jury wrote, "We want to know how many days you get at T. D. of Corrections for the days served." and

"We want to know how much time would be assessed for probation after he (if) gets out of prison on a two year sentence." The judge wrote back, "You are only to consider what is contained in the charge." The court concluded that no error had been shown and held "that a communication between the judge and the jury, although not in compliance with art. 36.27, *supra*, is not reversible error unless it amounts to an additional instruction by the court upon the law or some phase of the case."

In the instant case, no additional instructions were given as to the law in regard to the offense or the facts. Further, no particular phase of the case was discussed. We find that no reversible error was shown.

The judgment is affirmed.