Tennie SHELBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00109–CR.

Court of Appeals of Texas,
Dallas.

Feb. 23, 1987.

Scott M. Anderson, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Mary Jo Kain, John Cruezot, Toby Shook, Asst. Dist. Attys., Dallas, Robert Huttash, State Pros. Atty., Austin, for appellee.

Before GUITTARD, C.J., and McCLUNG and BAKER [1], JJ.

## ON MOTION FOR REHEARING

BAKER, Justice.

This opinion supplements our original opinion in this case and is in response to the appellant's motion for rehearing.

Appellant was convicted of murder. The court's charge contained an instruction on the lesser included offense of aggravated assault. In our original opinion which was not designated for publication, we overruled all of appellant's points of error.

In his motion for rehearing appellant argues that this court failed to address the issue raised by appellant in his first point of error. This point of error was that the trial court erred in refusing to grant appellant's requested instruction on the benefit of the doubt as between murder and aggravated assault. Appellant further states that this court erred in concluding that the benefit of the doubt instruction should be given only in cases involving murder and the lesser included offense of voluntary manslaughter, confining its application to cases of sudden passion or malice.

Appellant complains that the trial court's charge only directed the jury to find the defendant not guilty if they had a reasonable doubt whether defendant was guilty of any offense, and that the charge failed to give the jury guidance as to what to do if they found defendant guilty of some offense but had doubt as to which offense he was guilty of, thereby shifting the burden of proof to the defendant. Consequently, the appellant asserts, the exclusion of the requested benefit-of-the-doubt charge deprived him of a fair and impartial trial.

■ Although the original opinion expresses the view that the question of instructing the jury on the benefit of the doubt arises only in murder-with-malice cases under the former penal code, we conclude that the applicability of such an instruction is not limited to such cases. Such an instruction, if requested, has been held to be required generally as between degrees of offenses, even when the charge includes a proper instruction on reasonable doubt as applied to the whole case. *Richardson v. State*, 91 Tex.Cr. 318, 239 S.W. 218, 222–24 (1922) (degrees of homicide); *Sparks v. State*, 108 Tex.Cr. 367, 300 S.W. 938, 939 (1927) (felony and misdemeanor theft). The rationale of these decisions is that without such an instruction, the jury might entertain no reasonable doubt as to the defendant's guilt, and yet be confused in reaching a conclusion as to the degree of the offense. *Richardson*, 239 S.W. at 224. The same rule applies as between the principal offense charged and a lesser included offense.

The present charge, in our view, leaves no uncertainty as to how to resolve any doubt as to what verdict to return if the jury believes appellant is guilty but have doubt as to whether he is guilty of murder or aggravated assault. The present charge includes the following instructions:

> Now bearing in mind the foregoing instructions, if you believe from the evidence *beyond a reasonable doubt* that the defendant, Tennie Shelby, on or about the 1st day of April 1985, in Dallas County, State of Texas, did then and there knowingly or intentionally cause the death of Leonard Jiles, an individual,

---

1. The Honorable James A. Baker, Justice, participated in this cause on rehearing by assignment in place of the successor to the Honorable John C. Vance, Justice, who retired effective December 31, 1986.

by shooting the said Leonard Jiles with a handgun, a deadly weapon, you will find the defendant guilty of murder. If you do not so believe, or *if you have a reasonable doubt thereof, you will next consider whether the defendant is guilty of aggravated assault.*

If you believe from the evidence beyond a reasonable doubt that the defendant, Tennie Shelby, on or about the 1st day of April 1985, in Dallas County, State of Texas, did then and there knowingly or intentionally cause bodily injury to Leonard Jiles by shooting him with a handgun, a deadly weapon, but you further find and believe from the evidence, or you have a reasonable doubt thereof, that Tennie Shelby did not intend to kill Leonard Jiles, then you will find the defendant guilty of aggravated assault. But if you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant "Not Guilty".

\*　\*　\*　\*　\*　\*

The *burden of proof in all criminal cases rests upon the State throughout the trial, and never shifts to the defendant.*

The defendant is presumed to be innocent and he may not be convicted of any offense *unless each element of the offense is proved beyond a reasonable doubt* and in case you have a reasonable doubt as to the defendant's guilt after considering all of the evidence before you and these instructions, you will acquit him.

[Emphasis added.]

It will be noted that in addition to the general instructions on reasonable doubt as applied to the whole case in the last two paragraphs above quoted, the first quoted paragraph advises the jury, in effect, that they should find the defendant guilty of murder only if they have no reasonable doubt that he is guilty of that offense, and if they have such a doubt, they should consider whether he is guilty of aggravated assault. This instruction makes clear to the jury that any doubt should be resolved against a finding of murder. There is no similar instruction to consider whether defendant is guilty of murder if they are in doubt as to whether he is guilty of aggravated assault. The jury is instructed in that event to find the defendant not guilty.

■ Although a requested instruction may be proper, its refusal is not harmful to the defendant if the charge given by the court adequately presents the theory proposed by the requested instruction. *Thomas v. State*, 578 S.W.2d 691, 698 (Tex.Crim. App.1979). Although the charge does not explicitly advise the jury, as requested by appellant, that appellant should be given the "benefit of the doubt" if they are in doubt as to whether he is guilty of murder or aggravated assault, the charge leaves no uncertainty as to how to resolve the doubt ·or where the burden of proof lies on that issue. Consequently, we hold that the court did not err in denying the requested instruction.

Considering the charge as a whole, we conclude that any error in this respect was harmless beyond a reasonable doubt. *See Almanza v. State*, 686 S.W.2d 157, 171–74 (Tex.Crim.App.1985); TEX.R.APP.P. 81(b)(2).

In all other matters raised in the motion for rehearing, we adhere to our original opinion. The motion for rehearing is overruled.

### ORDER

In accordance with this Court's opinion of this date, the motion for rehearing by appellant, Tennie Shelby, is OVERRULED.