Tennie SHELBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00109–CR.

Court of Appeals of Texas, Dallas.

Jan. 6, 1989.

Mary Jo Kain, Pamela Sullivan Berdanier, Dallas, for appellant.

Before ENOCH [1], C.J., and McCLUNG and BAKER, JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

BAKER, Justice.

Tennie Shelby's original appeal was taken from a conviction for the offense of murder. A jury found him guilty and assessed his punishment at fifty-five years' confinement.

Appellant argued before this Court that the trial court erred in instructing the jury on the law concerning good time and parole inasmuch as the charge is predicated on an unconstitutional statute. This challenge by appellant to article 37.07, section 4, of the Texas Code of Criminal Procedure was rejected by this Court. *See Shelby v. State,*

724 S.W.2d 138 (Tex.App.—Dallas 1987). In his petition for discretionary review to the Texas Court of Criminal Appeals, appellant urged that this Court erred in holding article 37.07, section 4, of the Texas Code of Criminal Procedure constitutional.

In *Rose v. State,* 752 S.W.2d 529 (Tex. Crim.App.1988), the Texas Court of Criminal Appeals held the statute unconstitutional. However, in *Rose,* the court held that it is still necessary for a harmless error analysis to be conducted under the guidelines of Texas Rule of Appellate Procedure 81(b)(2). *Rose,* 752 S.W.2d at 554; *Haynie v. State,* 751 S.W.2d 878, 879 (Tex.Crim. App.1988). The Court of Criminal Appeals vacated our judgment and remanded the cause to this Court to conduct the analysis. 761 S.W.2d 5. We hold that beyond a reasonable doubt the error made no contribution to the punishment assessed and affirm the judgment.

Rule 81(b)(2) of the Texas Rules of Appellate Procedure provides the general harmless error test to be applied by appellate courts in criminal cases and states as follows:

> If the appellant in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2). In applying the standard specified by this rule, we are required to review the entire record.

The applicable range of punishment upon appellant's conviction was a minimum of five years to ninety-nine years or life imprisonment with the possibility of a fine of up to $10,000.00. The jury assessed punishment at fifty-five years with no fine.

The record reflects that neither party made any mention of the parole law during voir dire of the veniremen. At the guilt-innocence stage, the evidence shows that the appellant shot the fleeing victim in the back. Although appellant testified that he

1. The Honorable Craig T. Enoch, Chief Justice, participated in this cause on remand as successor to Chief Justice Clarence A. Guittard, who retired effective February 28, 1987. Chief Justice Enoch has reviewed the briefs and the record.

believed the victim had a gun which he attempted to use, there was evidence that the victim was unarmed. Evidence at the punishment stage revealed appellant's prior convictions for forgery, for theft by check, for possession of less than two ounces of marijuana, and for unlawfully carrying a weapon.

Appellant timely objected to the court's charge on parole law. The trial court charged in the statutory language which included the following instruction:

> You may consider the existence of the parole law and good time conduct. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4(b) (Vernon Supp.1988). The charge did not contain any further mitigating instructions. *See Rose*, 752 S.W.2d at 554.

The record further reflects that except for a passing reference by appellant's counsel, there was no reference to the parole law instructions during jury argument at the punishment phase of the trial. The record reflects that appellant's counsel asked the jury for the minimum sentence. The State asked for the assessment of a life sentence. As previously noted, the jury assessed punishment at fifty-five years with no fine.

The lack of emphasis on the parole law by the parties throughout the course of the trial, coupled with the particular facts of the offense committed by appellant and appellant's prior criminal record, leads us to conclude that the statutory parole instructions did not affect appellant's sentence. We find beyond a reasonable doubt that the error made no contribution to the punishment assessed. TEX.R.APP.P. 81(b)(2).

We affirm the trial court's judgment.