MATHIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-355-CR

RICHARD LEE MATHIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Introduction

Appellant Richard Lee Mathis appeals his conviction for capital murder. In two points, appellant argues that the trial court erred by (1) denying his constitutional motion to suppress evidence obtained under an invalid search warrant and (2) refusing to instruct the jury with a “benefit of the doubt” charge concerning lesser included offenses.  We affirm.

Background Facts

On October 7, 2004, Janice Williams and several others were at the home of Donald Ellis (known as Hoppy) on Elgin Street in Tarrant County.  Hoppy’s home was known as a smoke house, a place where people brought their own crack cocaine and smoked it.  In the early morning hours, appellant, with two of his friends, broke into Hoppy’s house and demanded powdered cocaine (known as raw).  Janice and Hoppy told appellant that they did not have any raw because Hoppy’s place was a smoke house, but Hoppy told appellant that Roney Gibson, who lived down the street on Bethune, did sell drugs.  Appellant then demanded that everyone empty their pockets.  As Hoppy tried to empty his shirt pocket, appellant hit him in the head with a gun, pointed the barrel at Hoppy’s forehead, and pulled the trigger.  The gun did not discharge.

Appellant then forced Janice to go with him and his friends to Roney’s house.  With a gun to Janice’s back, appellant approached Roney’s house. Janice knocked on the door and identified herself to Roney, who opened the door and let Janice, appellant, and appellant’s friends in the house.  Janice told Roney appellant wanted some drugs, but before a drug transaction occurred, gunfire erupted.  Appellant tried to take Roney’s drugs, and the two began fighting.  Roney boxed appellant into a corner, and appellant called for help from his friend.  Janice testified that appellant screamed, “Shoot him. . . .  kill him, kill him.”  Appellant’s accomplice then hit Roney, and appellant and his accomplice each shot at Roney twice.  Appellant and his friends left Roney’s house without taking any drugs or money.  Janice and Roney’s girlfriend, who was also in the house at the time, came to Roney’s aid as soon as appellant and his friends left, but Roney was already dead. 

While investigating the murder, the police obtained a search warrant for appellant’s home.  After conducting the search on October 8, 2004, Detective Johnson found (1) gray jean shorts, (2) Reebok tennis shoes, (3) a .22 caliber Phoenix Arms pistol, (4) an unfired .308 rifle bullet, (5) a box of Magtech .32 ammunition, (6) a key chain with two keys, (7) blood samples on both the shorts and shoes, and (8) five baggies of a leafy green substance.  Although the gun used in the offense was not recovered, the box of .32 caliber ammunition matched the ammunition recovered from Roney’s body.  In addition, blood samples collected from appellant’s shorts and shoes, which he admitted to wearing during the offense in his statement to the police, were identified as Roney’s blood.

At trial, appellant filed a motion to suppress the evidence found at his apartment and also requested a “benefit of the doubt” instruction regarding lesser included offenses.
(footnote: 1)  The trial court denied both requests.  A jury convicted appellant of capital murder.  Appellant was sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Motion to Suppress

In his first point, appellant argues that the trial court erred by denying his motion to suppress the evidence obtained from an illegal search of his apartment.  Appellant contends the affidavit failed to state sufficient facts to support a finding of probable cause that evidence of Roney’s murder would be found in appellant’s apartment.

Standard of Review

In 
Swearingen
 
v. State
, the court of criminal appeals clarified a distinction between the standards of review we should use when reviewing warrantless searches and searches pursuant to a warrant.  143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004); 
Davis v. State, 
144 S.W.3d 192, 196 (Tex. App.—Fort Worth 2004, pet. ref’d) (op. on reh’g).  When reviewing warrantless searches, we apply the 
Guzman 
rule.
(footnote: 2)  But when reviewing searches pursuant to a warrant, in accordance with 
Swearingen
, we apply the deferential standard articulated in 
Gates 
and 
Johnson
.  
Swearingen, 
143 S.W.3d at 810-11 (citing 
Illinois v. Gates
, 462 U.S. 213, 234-37, 103 S. Ct. 2317, 2330-32 (1983); 
Johnson v. State
, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990), 
overruled on other grounds by
 
Heitman v. State
, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991)); 
Davis, 
144 S.W.3d at 196.

Under these standards, we look to the “totality of the circumstances” regarding the information contained in the affidavit.  
Johnson
, 803 S.W.2d at 289; 
Davis, 
144 S.W.3d at 197.  We give great deference to the magistrate’s determination of whether the affidavit reflects a “substantial basis” for concluding that a search would uncover evidence of a crime. 
 Gates
, 462 U.S. at 236, 103 S. Ct. at 2331; 
Davis, 
144 S.W.3d at 197.  Regardless, our review is limited to examining the four corners of the affidavit to determine whether probable cause exists.  
U.S. Const
. amend. IV; 
Tex. Const
. art. I, § 9; 
Tex. Code Crim. Proc.
 
Ann
. art. 18.01(b) (Vernon 2005); 
Jones v. State
, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 921 (1993); 
Davis, 
144 S.W.3d at 197
; cf. Cates v. State
, 120 S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003) (setting forth the distinction between a suppression hearing and a 
Franks
 hearing where additional evidence may be admitted to show the falsity of assertions within an affidavit).  In this review, we are to determine whether there is a fair probability, not an actual showing, that contraband or evidence of a crime will be found in a particular place in light of the totality of the facts set forth in the affidavit.  
See Gates
, 462 U.S. at 239, 103 S. Ct. at 2332; 
Hennessy v. State
, 660 S.W.2d 87, 89 (Tex. Crim. App. [Panel Op.] 1983); 
Davis, 
144 S.W.3d at 197.  The officer’s affidavit must provide the magistrate with a substantial basis for concluding that a search would uncover evidence of wrongdoing. 
 Gates, 
462 U.S. at 236, 103 S. Ct. at 2331; 
Swearingen
, 143 S.W.3d at 809-10; 
Davis, 
144 S.W.3d at 197.

Gates
 also instructs us that, as a reviewing court, we are to ensure that the magistrate had a substantial basis for concluding probable cause exists.  
Gates, 
462 U.S. at 236, 103 S. Ct. at 2331; 
Davis, 
144 S.W.3d at 197; 
see Bower v. State
, 769 S.W.2d 887, 902 (Tex. Crim. App.) (holding we do not
 
conduct a de novo review but look to the evidence as a whole and determine whether there is substantial evidence to support the magistrate’s decision), 
cert. denied
, 492 U.S. 927 (1989), 
overruled on other grounds, Heitman
, 815 S.W.2d at 685 n.6.  Because the trial court made findings of fact and conclusions of law on the record, we review this point on appeal by looking at the affidavit in light of the trial court’s findings on the historical facts, giving deference to those findings.  
Swearingen, 
143 S.W.3d at 810-11
; Davis, 
144 S.W.3d at 197.

Analysis

In this case, Detective Cheryl Johnson presented the background facts of the offense in the affidavit supporting the search warrant of the apartment where appellant had been staying.  In the affidavit, she averred that witnesses from the robbery on Elgin and the shooting on Bethune described the assailant as a light-skinned black male between eighteen and twenty-one years old with a ponytail and tattoos on his neck.  Detective Johnson also averred that she was aware that the location of the robbery and the shooting were less than a quarter mile from each other.  Additionally, Detective Johnson averred that the light-skinned black male described by witnesses was known as “Stuff” and lived in Butler Housing.  Through more investigation, Detective Johnson identified “Stuff” as appellant Richard Lee Mathis, located his residence, and discovered he drove a maroon Chevrolet Caprice.  Detective Johnson averred that Janice identified appellant from a photo line-up as the man involved in the robbery and murder of Roney Gibson.  Consequently, Detective Johnson requested a search warrant to look for additional evidence of the crime at appellant’s apartment.  Specifically, Detective Johnson’s affidavit sought (1) guns, (2) ammunition, (3) drug or drug paraphernalia, (4) blood, and (5) clothing worn during the offense, i.e., white t-shirt and tan shorts.

It is a fair inference from these facts that evidence of the offense would be located in appellant’s apartment.  
See Rodriguez v. State, 
No. PD-1013-06, 2007 WL 1343066, at *3-4 (Tex. Crim. App. May 9, 2007) (holding that there was probable cause to issue a search warrant based on reasonable inferences made by magistrate’s “commonsensical and realistic interpretation” of affidavit).  Although neither Detective Johnson nor the magistrate could be certain that such other evidence existed, there was at least a fair probability that additional evidence would be found.  
See id. 
at *4.  And “‘[i]t does not distort common sense or read additional facts into the affidavit to infer from’” the facts averred to by Detective Johnson that appellant may have hidden evidence such as a weapon or bloody clothes at his own apartment. 
 Id. 
at *5 (quoting 
Davis v. State
, 202 S.W.3d 149, 156 (Tex. Crim. App. 2006)); 
cf. Sanchez v. State, 
No. 05-93-00767-CR, 1994 WL 79457, at *4 (Tex. App.—Dallas 1994, pet. ref’d) (op. on reh’g) (not designated for publication) (holding that it is a reasonable inference that persons in possession of contraband tend to hide it because it is illegal).

Based on the totality of the circumstances established in the affidavit, there was a fair probability that evidence of the offense would be found in appellant’s apartment.  Therefore, giving great deference to the magistrate’s determination that there was a substantial basis for a search warrant, we hold that these facts and inferences are sufficient to establish probable cause.  
See id.
 at *5; 
Davis, 
144 S.W.3d at 196-97.  We overrule appellant’s first point.  
See Rodriguez
, 2007 WL 1343066, at *5; 
Davis, 
144 S.W.3d at 196-97. 

“Benefit of the Doubt” Charge as to Lesser Included Offenses

In his second point, appellant argues that the trial court erred when it denied his request for a “benefit of the doubt” charge regarding lesser included offenses.

Applicable Law

The trial court is obligated to charge the jury on the law applicable to the case, not expressing any opinion as to the weight of the evidence.  
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon 2007).  Before the charge is read to the jury, the defendant is entitled to reasonable time to examine the charge and present any objections in writing.  
Id. 
 In addition, both parties are entitled to reasonable time to present written instructions to be included in the charge.  
Id.
 art. 36.15 (Vernon 2006).  As a general rule, if evidence in a case leaves a reasonable doubt as to the grade or degree of the offense, upon a request by the defendant, the trial court must give the jury a “benefit of the doubt” instruction. 
 Benavides , 
763 S.W.2d at 589; 
Shelby v. State, 
724 S.W.2d 138, 139 (Tex. App.—Dallas 1987) (op. on reh’g), 
vacated on other grounds
, 761 S.W.2d 5 (Tex. Crim. App. 1988).  A “benefit of the doubt” instruction is required even when the charge includes a proper instruction on reasonable doubt as applied to the whole case.  
Shelby, 
724 S.W.2d at 139.  This additional instruction clears up confusion when the jury has no reasonable doubt that the defendant committed an offense, but is uncertain concerning the grade or degree of that offense. 
 Benavides, 
763 S.W.2d at 589.  A court’s refusal to include a “benefit of the doubt” instruction is not harmful to the defendant, however, if the charge as a whole leaves no uncertainty as to how to resolve any doubt.  
Id.
; 
Shelby, 
724 S.W.2d at 140. 

Here, appellant asked for the following to be added to the charge:

My other requested charge is after or at the end of page 11, which is after the application paragraph for aggravated robbery, I’d ask the Court to put a instruction in that says the — to the jury that if they feel that the Defendant’s guilty of one of the two offenses charged, that being capital murder or aggravated robbery, but they can’t decide which one it is, that they need to resolve that in favor of the Defendant, or if they have a reasonable doubt about which one it is, they have to resolve that in favor of the Defendant and give him the benefit of the doubt and find him guilty of that offense of aggravated robbery.

The trial court denied appellant’s request.  However, the trial court gave the jury the following instruction: 

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7
th
 day of October, 2004, in Tarrant County, Texas, the Defendant Richard Lee Mathis, did intentionally cause the death of an individual, Roney Gibson, by shooting him with a firearm, and the said Defendant was then and there in the course of committing or attempting to commit the offense of robbery of Roney Gibson, or that the Defendant, Richard Lee Mathis, acting with the intent to promote or assist in the commission of the offense of Capital Murder, if any, solicited, encouraged, directed, aided or attempted to aid Antonio Hampton and Michael Freeman in the commission of the offense of Capital Murder, if any, or that the Defendant, Richard Lee Mathis and Antonio Hampton and Michael Freeman agreed to rob Roney Gibson, and that, while in the course of committing or attempting to commit the offense of robbery of Roney Gibson, if any, the shooting of Roney Gibson, if any, and was done intentionally and in furtherance of the conspiracy to rob Roney Gibson, if any, and was an offense that should have been anticipated as a result of carrying out the conspiracy, then you will find the Defendant guilty of the offense of capital murder.

Unless you find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of capital murder and next consider whether the Defendant is guilty of the offense of aggravated robbery.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 7
th
 day of October, 2004, in Tarrant County, Texas, the Defendant, Richard Lee Mathis, did intentionally or knowingly, acting alone or as a party, as that term has been previously defined, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause bodily injury to Roney Gibson and the defendant used or exhibited a deadly weapon, to wit: a firearm, then you will find the defendant guilty of the offense of aggravated robbery.

Unless you find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict “Not Guilty.”

Accordingly, the application paragraphs of the court’s charge first asked the jury to consider whether it found beyond a reasonable doubt that the appellant was guilty of the offense of capital murder. 
 See Benavides, 
763 S.W.2d at 589.  Next, the application paragraph instructed the jury that if it did not so find, it should acquit appellant of capital murder and then consider whether he was guilty of aggravated robbery. 
 See id. 
 It further instructed that if the jury did not find appellant guilty of aggravated robbery beyond a reasonable doubt, it should acquit appellant of that offense as well.  
See id.

The charge in this case clearly instructed the jury that it should acquit appellant of the greater offense, i.e., capital murder, if it was not convinced beyond a reasonable doubt of his guilt.  
See id
.  Furthermore, it also instructed the jury that if it had a reasonable doubt about appellant’s guilt concerning the lesser offense, aggravated robbery, it should acquit appellant of the lesser included offense as well.  
See id.  
Thus, no additional “benefit of the doubt” instruction was necessary.  
See id.; Shelby, 
724 S.W.2d at 140.  We hold that the trial court did not err in refusing the instruction, and we overrule appellant’s second point.

Conclusion

Having overruled appellant’s two points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 11, 2007

FOOTNOTES
1:
A “benefit of the doubt” instruction is an added instruction that is given in the jury charge to clear up any confusion that the jury may have when it has no reasonable doubt that the defendant committed an offense, but is uncertain about the degree of that offense.  
Benavides v. State
, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, pet. ref’d). 

2:
Since 
Guzman
 was issued in 1997, this court has used a deferential abuse of discretion standard of review.  We give almost total deference to a trial court’s or magistrate’s determination of facts but review the trial court’s application of law to the facts de novo. 
 
Johnson v State, 
68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).