ACCEPTED
13-14-00171-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/20/2015 11:07:06 AM
DORIAN RAMIREZ
CLERK

**CAUSE NO. 13-14-00171-CR**
**13-14-00172-CR**
**13-14-00301-CR**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/20/2015 11:07:06 AM
DORIAN E. RAMIREZ
Clerk

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

---

**MICHAEL DAVID RAMIREZ, Appellant**

**v.**

**STATE OF TEXAS, Appellee.**

---

**On appeal from the 445th Judicial District Court**
**of Cameron County, Texas**
**Trial Court Cause Numbers 2013-DCR-02246,**
**10-CR-2650-I, and 09-CR-2098-I**

---

**STATE'S APPELLATE BRIEF**

---

Oral Argument Requested

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    State's Response to Appellant's First Issue.. . . . . . . . . . . . . . . . 3

    State's Response to Appellant's Second Issue. . . . . . . . . . . . . . . 6

    State's Response to Appellant's Third Issue. . . . . . . . . . . . . . . . . 7

    State's Response to Appellant's Fourth Issue. . . . . . . . . . . . . . . 11

    State's Response to Appellant's Fifth Issue.. . . . . . . . . . . . . . . . 11

    State's Response to Appellant's Sixth Issue. . . . . . . . . . . . . . . . 12

    State's Response to Appellant's Seventh Issue.. . . . . . . . . . . . . 15

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# INDEX OF AUTHORITIES

**Cases**

*Allaben v. State*,
   418 S.W.2d 517 (Tex. Crim. App. 1967). . . . . . . . . . . . . . . . . . . . . 17

*Almanza v. State*,
   686 S.W.2d 157 (Tex. Crim. App. 1984). . . . . . . . . . . . . . . . . . . . . 8

*Arevalo v. State*,
   943 S.W.2d 887 (Tex. Crim. App.1997). . . . . . . . . . . . . . . . . . . . . . 6

*Arrevalo v. State*,
   489 S.W.2d 569 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . 4, 17, 18

*Avila v. State*,
   954 S.W.2d 830 (Tex. App.--El Paso 1997, pet. ref'd). . . . . . . . . . . . 6

*Ayala v. State*,
   267 S.W.3d 428 (Tex. App.--Houston [14th Dist.] 2008, . . . . . . . . . 13

*Barrios v. State*,
   283 S.W.3d 348 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . 8

*Benavides v. State*,
   763 S.W.2d 587 (Tex. App.--Corpus Christi 1988, pet. ref'd).. 8, 9, 10

*Brandley v. State*,
   691 S.W.2d 699 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . . . . . . 14

*Brown v. State*,
   505 S.W.2d 850 (Tex. Crim. App. 1974). . . . . . . . . . . . . . . . . . 17, 18

*Cockrell v. State*,
   933 S.W.2d 73 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . 12

*Denison v. State*,
651 S.W.2d 754 (Tex. Crim. App. 1983). . . . . . . . . . . . . . . . . . . . . 13

*Garza v. State*,
974 S.W.2d 251 (Tex. App.--San Antonio 1998, pet. ref'd). . . . . . 4, 5

*Grey v. State*,
298 S.W.3d 644 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . 6, 7

*Johnson v. State*,
233 S.W.3d 109 (Tex. App.--Houston [14th Dist.] 2007, no pet.). . . 12

*Kihega v. State*,
392 S.W.3d 828 (Tex. App.--Texarkana 2013, no pet.). . . . . . . . 8, 10

*Linder v. State*,
828 S.W.2d 290 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). . 15

*Love v. State*,
909 S.W.2d 930 (Tex. App.--El Paso 1995, pet. ref'd). . . . . . . . . . . 5

*Loving v. State*,
947 S.W.2d 615 (Tex. App.--Austin 1997, no pet.). . . . . . . . . . . . . 5

*Lowenfield v. Phelps*,
484 U.S. 231 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Nacol v. State*,
590 S.W.2d 481 (Tex. Crim. App. 1979). . . . . . . . . . . . . . . . . 17, 19

*Ngo v. State*,
175 S.W.3d 738 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . 8

*Resendiz v. State*,
112 S.W.3d 541 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . 14

*Richardson v. State*,
108 Tex. Crim. 318, 239 S.W. 218 (1922). . . . . . . . . . . . . . . . . . . . 9

*Rodriguez v. State*,
     625 S.W.2d 101 (Tex. App.--San Antonio 1981, pet. ref'd). . . . . . . 19

*Russeau v. State*,
     171 S.W.3d 871 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . 11

*Shannon v. State*,
     942 S.W.2d 591 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . 13

*Shelby v. State*,
     724 S.W.2d 138 (Tex. App.--Dallas 1987) (op. on reh'g),
     *vacated on other grounds*, 761 S.W.2d 5
     (Tex. Crim. App. 1988) (per curiam). . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Torres v. State*,
     92 S.W.3d 911 (Tex. App.--Houston
     [14th Dist.] 2002, no pet.). . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16

*Wesbrook v. State*,
     29 S.W.3d 103 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . 13

**Statutes**

Tex. Code Crim. Proc. art. 36.27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**Rules**

Tex. R. App. P. 38.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**CAUSE NO. 13-14-00171-CR**
**13-14-00172-CR**
**13-14-00301-CR**

——————————————————————

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**
——————————————————————

**MICHAEL DAVID RAMIREZ, Appellant**

**v.**

**STATE OF TEXAS, Appellee**
——————————————————————

**STATE'S APPELLATE BRIEF**
——————————————————————

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

## SUMMARY OF ARGUMENT

Appellant raises seven issues on appeal. (1) In his first issue, Appellant argues that the trial court included an erroneous instruction in the charge at the guilt phase of trial. The State responds by asserting that the instruction was not erroneous. (2) In his second issue, Appellant argues that the trial court erred in submitting a charge to the jury on the lesser included offense of theft. The State responds by asserting that the trial court did not err in submitting the lesser included charge because the State properly requested same. (3) In his third issue, Appellant argues the trial court erred by failing to provide the jury with a "benefit of the doubt" instruction. The State responds by asserting the trial court did not commit error by instructing the jury regarding its consideration of the greater offense before the lesser included offense. (4) In his fourth issue, Appellant complains of the State's closing argument concerning "community expectations"; however, Appellant completely fails to present any argument in support of this issue. (5) In his fifth issue, Appellant complains that the Prosecutor asked the jurors to put themselves in the place of the victim. The State responds by noting that this issue has not been preserved for appellate review. (6) In his sixth issue, Appellant

argues that the State's closing argument was outside the record, and harmful.  The State responds by asserting that the argument was not improper.  (7) In his seventh issue, Appellant argues that the trial court erred in not complying with article 36.27 in providing a supplemental instruction to the jury.  The State responds by asserting that the trial court did not violate article 36.27.

## ARGUMENT & AUTHORITIES

### *State's Response to Appellant's First Issue*

In his first issue, Appellant argues that the trial court included an erroneous instruction in the charge at the guilt phase of trial.  The State responds by asserting that the instruction was not erroneous.

The court instructed the jury as follows:

> In order to return a verdict, each juror must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment.
> Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow Jurors.  (C.R. p. 36).[1]

Appellant is not clear as to why this language should not have been

---

[1] Unless otherwise stated, all cites to the Clerk's Record and Reporter's Record herein refer to the record filed in appellate cause number 13-14-00171-CR.

included in the charge; however, the State surmises that Appellant is arguing that the instruction overemphasizes the importance of reaching a verdict and is coercive. Appellant implies that the trial court failed to instruct the jury that their verdict must be unanimous; however, such implication is clearly erroneous as the trial court did properly instruct the jury that their verdict must be unanimous. (C.R. pp. 37-38).

This exact language was also challenged in *Garza v. State*, 974 S.W.2d 251, 255-56 (Tex. App.--San Antonio 1998, pet. ref'd). The *Garza* court noted that both the United States Supreme Court and the Texas Court of Criminal Appeals have approved charges containing similar language when a jury has indicated that it is deadlocked. *See Lowenfield v. Phelps*, 484 U.S. 231, 235 (1988) (approving charge that stated, in part, "it is your duty to consult with one another to consider each other's views and to discuss the evidence with the objective of reaching a just verdict if you can do so without violence to that individual judgment"); *Arrevalo v. State*, 489 S.W.2d 569, 571–72 (Tex. Crim. App. 1973) (approving charge that stated, in part, "you are instructed to continue deliberations in an effort to arrive at a verdict which is acceptable to all members of the jury").

Appellant does not complain that the instruction was particularly

coercive in this case because it was given in the initial charge instead of after the jury was deadlocked, and there is no reason to conclude that the instruction would be more coercive in this situation. Indeed, some courts have determined that this type of instruction is less coercive if included in the initial jury charge. *See Loving v. State*, 947 S.W.2d 615, 619 (Tex. App.--Austin 1997, no pet.) (citing cases); *but see Love v. State*, 909 S.W.2d 930, 937 (Tex. App.--El Paso 1995, pet. ref'd) (finding that the inclusion of similar language is not erroneous, but discouraging the inclusion in the initial jury charge of an instruction informing the jury of the consequences of a mistrial).

Assuming that the language could have a coercive effect standing alone, the remainder of the jury charge, including the admonishment that "no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict" (C.R. p. 36), eliminated any potential for coercion. *Garza*, 974 S.W.2d at 256. Accordingly, this Court should conclude that the trial court did not err in giving the instruction and Appellant's first issue should be overruled.

***State's Response to Appellant's Second Issue***

In his second issue, Appellant argues that the trial court erred in submitting a charge to the jury on the lesser included offense of theft. The State responds by asserting that the trial court did not err in submitting the lesser included charge because the State properly requested same.

Prior to the Court of Criminal Appeals decision in *Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009), in a case such as this one, a trial court's decision to included a lesser-included offense instruction in the jury charge at the State's request, was subject to a two part inquiry: (1) is the lesser-included offense included within the proof necessary to establish the offense charged; and (2) is there some evidence in the record that would permit a jury to rationally determine that if the defendant is guilty, he is guilty only of the lesser offense. *Avila v. State*, 954 S.W.2d 830, 842 (Tex. App.--El Paso 1997, pet. ref'd); *see also Arevalo v. State*, 943 S.W.2d 887, 889-90 (Tex. Crim. App.1997) (applying the second prong of the *Rousseau-Aguilar-Royster* test to State's request for a lesser-included offense instruction), *overruled by Grey*, 298 S.W .3d at 651.

Appellant's argument focuses exclusively on the second prong of the pre-*Grey* analysis. He contends that there was no evidence upon which

the jury could have found him guilty only of the lesser offense. The Court of Criminal Appeals' decision in *Grey* abrogated the common law rule requiring the State to meet the second prong of the *Rousseau* test. *Grey*, 298 S.W.3d at 651. Therefore, under *Grey*, the State is entitled to have a lesser-included offense instruction included in the jury charge solely on the basis that proof of the lesser offense is included within the proof necessary to establish the offense charged. *See Grey*, 298 S.W.3d at 645. As there is no dispute between the parties that theft is a lesser-included offense of robbery, the trial court did not err by granting the State's request to included the lesser-included offense instruction in the jury charge.

Therefore, Appellant's second issue should be overruled.

### State's Response to Appellant's Third Issue

In his third issue, Appellant argues the trial court erred by failing to provide the jury with a "benefit of the doubt" instruction. The State responds by asserting the trial court did not commit error by instructing the jury regarding its consideration of the greater offense before the lesser included offense.

Appellant did not object to the omission of a "benefit-of-the-doubt"

instruction in the jury charge, nor did he request such an instruction.  A

claim of error in the jury charge is reviewed using the procedure set out in

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *see also*

*Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).  The first

step is to determine whether there is error in the charge.  *Barrios*, 283

S.W.3d at 350; *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

If there was properly objected to error, reversal is required if the error is

"calculated to injure the rights of the defendant," which the court of criminal

appeals has defined to mean "some harm."  *Barrios*, 283 S.W.3d at 350

(*quoting Almanza*, 686 S.W.2d at 171).  If the error was not objected to, it

must be fundamental and will require reversal only if it was so egregious

and created such harm that the defendant did not have a fair and impartial

trial.  *Id*.; *Almanza*, 686 S.W.2d at 171.

As a general rule, where greater and lesser grades or degrees of an

offense are charged, the court must give the jury a "benefit of the doubt"

instruction if requested by the defendant.  *See Kihega v. State*, 392

S.W.3d 828, 835 (Tex. App.--Texarkana 2013, no pet.); *Benavides v.*

*State*, 763 S.W.2d 587, 589 (Tex. App.--Corpus Christi 1988, pet. ref'd).

The instruction is given to assist the jury if it has no reasonable doubt as to

the defendant's guilt, but is uncertain about the grade or degree of the offense. *Benavides*, 763 S.W.2d at 589 (*citing Richardson v. State*, 108 Tex. Crim. 318, 328, 239 S.W. 218, 224 (1922) (op. on reh'g)). Failure to include a "benefit of the doubt" instruction is not harmful to the defendant, however, if the charge as a whole leaves no uncertainty as to how to resolve any doubt. *Shelby v. State*, 724 S.W.2d 138, 140 (Tex. App.-- Dallas 1987) (op. on reh'g), *vacated on other grounds*, 761 S.W.2d 5 (Tex. Crim. App. 1988) (per curiam); *Benavides*, 763 S.W.2d at 589.

The jury charge included the following instructions:

Now if you find from the evidence beyond a reasonable doubt that on or about the 12th day of June. 2013, in Cameron County. Texas. the defendant. MICHAEL DAVID RAMIREZ, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place BILLY BRUCE GAUBATZ in fear of imminent bodily injury or death, then you will find the defendant "guilty" of the offease of Robbery, as alleged in the indictment.
Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will say by your verdict "Not Guilty" (as to the charged offense of Robbery), and you will next consider whether or not the defendant is guilty of the lesser included offense of Theft, immediately below.
Now, if you find from the evidence beyond a reasonable doubt that on or about the 12th day of June, 2013, in Cameron County, Texas, the defendant, MICHAEL DAVID RAMIREZ, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over property, to-wit: a weed eater, of the

value of $50 or more but less than $500, from BILLY BRUCE GAUBATZ, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property, then you will fmd the defendant "Guilty" of the lesser-included offense of Theft.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

(C.R. pp. 34-35).

Appellant argues he was egregiously harmed by the omission of the "benefit-of-the-doubt" instruction from the charge because the entire focus of his defense was to show the complaining witness did not feel threatened and therefore Appellant was, at most, guilty of a class B theft. However, as in *Shelby* and in *Benavides*, the charge in this case leaves no uncertainty as to how to resolve any doubt regarding what verdict to return if the jury believed Appellant was guilty but had reasonable doubt as to whether he was guilty of robbery. No further "benefit of the doubt" instruction was necessary. *See Shelby*, 724 S.W.2d at 140; *Kihega*, 392 S.W.3d at 837–38; *Benavides*, 763 S.W.2d at 589. Accordingly, Appellant was not egregiously harmed by the trial court's failure to *sua sponte* include the "benefit of the doubt" instruction in the charge to the jury.

Appellant's third issue should be overruled.

### State's Response to Appellant's Fourth Issue

In his fourth issue, Appellant complains of the State's closing argument concerning "community expectations"; however, Appellant completely fails to present any argument in support of this issue. The State responds by asserting that this Court should overrule Appellant's fourth issue for the reason that he has failed to adequately brief this issue.

The Rules of Appellate Procedure require the parties' briefs to contain clear and concise arguments with appropriate citations to authorities. *See* Tex. R. App. P. 38.1(i). When a party provides no argument or legal authority to support his appellate position, the issue is inadequately briefed. *See Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). Appellant completely fails to provide any argument in support of his fourth issue. Therefore, Appellant's fourth issue should be overruled.


### State's Response to Appellant's Fifth Issue

In his fifth issue, Appellant complains that the Prosecutor asked the jurors to put themselves in the place of the victim. The State responds by noting that this issue has not been preserved for appellate review.

In order for an appellant to complain on appeal about erroneous jury argument, including erroneous jury argument so prejudicial that an instruction to disregard could not cure it, the appellant must show that he lodged an objection during trial and pressed that objection to an adverse ruling. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that no error was preserved when appellant did not object to the prosecution's alleged comment during closing argument on the defendant's failure to testify); *Johnson v. State*, 233 S.W.3d 109, 114 (Tex. App.-- Houston [14th Dist.] 2007, no pet.). In the present case, Appellant complains that the State's argument asked the jurors to put themselves in the victim's shoes; however, Appellant did not object to the State's jury argument (R.R. Vol. 7, p. 48), thus he has not preserved that issue for appellate review.

Accordingly, Appellant's fifth issue should be overruled.

### State's Response to Appellant's Sixth Issue

In his sixth issue, Appellant argues that the State's closing argument was outside the record, and harmful. The State responds by asserting that the argument was not improper.

Proper jury argument falls within one of four categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement. *See Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). However, even when an argument exceeds the permissible bounds of these approved areas, an error will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Id*. Counsel's remarks during final argument must be considered in the context in which they appear. *See Denison v. State*, 651 S.W.2d 754, 761 (Tex. Crim. App. 1983) (en banc). Attorneys may draw all reasonable, fair, and legitimate inferences from the facts in evidence. *See Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996); *Ayala v. State*, 267 S.W.3d 428, 433-34 (Tex. App.--Houston [14th Dist.] 2008, no pet.).

Appellant complains of the following argument by the prosecutor:

> He said that he got out of there and at that point the victim was close enough to the Defendant and he stopped. He stopped in his tracks. As soon as he saw that -- he wanted his property, but he stopped. As soon as he saw that, he stopped. Thank God that he did stop because who knows what could have happened if he hadn't have stopped. Let's say he wanted to go

ahead and aside from just that confrontation --

MR. PADILLA: I'm going to object, Your Honor, that argument, it goes outside of the evidence, Your Honor. It's improper argument.

MR. MARTINEZ: It's closing arguments, Your Honor.

THE COURT: The objection is overruled. I'll give you some leeway.

(R.R. Vol. 7, pp. 51-52).

Appellant asserts the argument does not fall into one of the four categories of proper jury argument, but instead, is a request for the jury to place themselves in the shoes of the victim.[2] Appellant is incorrect.

Granted, a plea for abandonment of objectivity does not fit within the four categories of proper jury argument. *See Brandley v. State*, 691 S.W.2d 699, 712 (Tex. Crim. App. 1985). However, there is a distinction between asking the jury to fully appreciate the victim's situation, including the fear he experienced, which is proper, and asking how the victim would want the defendant punished, which is improper. *See Torres v. State*, 92 S.W.3d 911, 922 (Tex. App.--Houston [14th Dist.] 2002, no pet.); *see also*

---

[2] The State would first note that Appellant's objection at trial does not comport with his complaint on appeal; and therefore, Appellant has not properly preserved this issue for appellate review. *Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003).

*Linder v. State*, 828 S.W.2d 290, 303 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd).  In the first instance, the prosecutor is merely summarizing the evidence, making a reasonable deduction from the evidence, or making a legitimate plea for law enforcement.  *Torres*, 92 S.W.3d at 922.  In the second instance, the prosecutor is asking the jury to reach a verdict not on an impartial, objective notion of justice, but on personal passions "accelerated by the outrage every human being naturally feels toward one who has wrongfully caused him pain, embarrassment, grief, or loss."  *Id*.  Here, the prosecutor's argument is a summation of the evidence.

Because the argument made by the prosecutor was a summation of the evidence, and thus within one of the four categories of proper jury argument, the trial court did not err by overruling Appellant's objection.

Accordingly, this Court should overrule Appellant's sixth issue.

**State's Response to Appellant's Seventh Issue**

In his seventh issue, Appellant argues that the trial court erred in not complying with article 36.27 in providing a supplemental instruction to the jury.  The State responds by asserting that the trial court did not violate article 36.27.

Appellant argues that the trial court erred in communicating with the jury without complying with the provisions of article 36.27, in that the court gave an oral answer to the jury's communication which was not in writing. *See* Tex. Code Crim. Proc. art. 36.27.

Article 36.27 states:

> When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit the answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.
>
> All such proceedings in felony cases shall be a part of the record and recorded by the court reporter.

*Id*.

The record reflects that the following message was sent from the jury foreman to the trial judge:

> Need copy of police report to read.  Need copy of victim affidavit to read.

/s/ Marina Alegria,
Presiding Juror

(C.R. p. 41).

After discussing the proposed answer with the attorneys, the trial judge responded by bringing the jury into the courtroom and orally informing them as follows:

> Welcome back, ladies and gentlemen of the jury. Obviously, the Court has received your written request. Ladies and gentlemen of the jury, once again this is in many ways one of the most frustrating answers that the Court must provide in all cases, but the response to this is by law the Court is not allowed to answer your question nor is it allowed to provide to you the documents requested. You may only review the documents that have been admitted into evidence.
> With that, I send you back to your deliberations and please proceed. Thank you.

(R.R. Vol. 7, pp. 55-56).

The Court of Criminal Appeals has uniformly held that a communication between the court and the jury, although not made in compliance with provisions of article 36.27, which does not amount to an additional instruction by the court upon the law or some phase of the case does not constitute reversible error. *Nacol v. State*, 590 S.W.2d 481, 486 (Tex. Crim. App. 1979); *Brown v. State*, 505 S.W.2d 850, 857 (Tex. Crim. App. 1974); *Arrevalo v. State*, 489 S.W.2d at 572; *Allaben v. State*, 418

S.W.2d 517, 520 (Tex. Crim. App. 1967).

In *Brown*, the trial court gave instructions to the jury outside the presence of the defendant and not in open court. The court held that, "while the trial court should not have given such instructions to the jury while not in open court and outside the presence of the appellant, such instructions amounted to no more than a restatement and reminder of the earlier instructions given the entire jury panel. As such, the trial court committed no reversible error." *Brown*, 505 S.W.2d at 857.

In *Arrevalo*, in response to a question posed by the jury foreman, the trial court answered in part, "At this time I do not feel that you have deliberated a sufficient length of time to fully eliminate the possibility of you being able to arrive at a verdict, so I will ask you to continue to deliberate. You may go with the bailiff." The court stated, "It has been uniformly held by this court that a communication between the court and the jury, although not in compliance with the statutes, which does not amount to additional instructions by the court, does not constitute reversible error." *Arrevalo*, 489 S.W.2d at 572.

In *Nacol v. State*, the trial court communicated with the jury while the defendant was not present in open court. The jury wrote, "We want to

know how many days you get at T. D. of Corrections for the days served."

and "We want to know how much time would be assessed for probation

after he (if) gets out of prison on a two year sentence."  The judge wrote

back, "You are only to consider what is contained in the charge."  The court

concluded that no error had been shown and held "that a communication

between the judge and the jury, although not in compliance with article

36.27, is not reversible error unless it amounts to an additional instruction

by the court upon the law or some phase of the case."  *Nacol*, 590 S.W.2d

at 486.

Finally, in *Rodriguez*, the San Antonio Court dealt with a fact situation

very similar to the present case, where the jury asked to be provided with

additional documents which were never submitted into evidence.  The trial

court responded by informing the jury: "The exhibits that you have at hand

are the only exhibits admitted into evidence.  The exhibits requested by

you are not in evidence."  *Rodriguez v. State*, 625 S.W.2d 101, 102 (Tex.

App.--San Antonio 1981, pet. ref'd).  The San Antonio Court found that

although the trial judge failed to follow the procedure set forth in article

36.27, no statutory violation occurred because "no additional instructions

were given as to the law in regard to the offense or the facts."  *Id*. At 103.

Likewise in the present case, the jury was asking for documents that were not received in evidence. The trial court answered the jury's request with an answer essentially the same as the trial court did in *Rodriguez*. Thus, the case law is clear that the answer provided by the trial judge in the present case was not an additional instruction in regard to the law or the facts of the case. Therefore, no violation of article 36.27 is presented for review.

Accordingly, Appellant's seventh issue should be overruled.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Appellant's issues on appeal, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

By:  */s/ René B. González*
**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us

**Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 4,385 words (excluding the cover, table of contents and table of authorities).  The body text is in 14 point font, and the footnote text is in 12 point font.


/s/ René B. González
René B. González


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's Appellate Brief was e-mailed to Mr. Larry Warner, Attorney at Law, 3109 Banyan Drive, Harlingen, Texas 78550, at  Office@larrywarner.com on the 20th day of April, 2015.


/s/ René B. González
René B. González